IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA<br>Plaintiff<br><br>vs<br><br>RICHARD ROARK and<br>JORGE RIVERA<br>Defendants | CRIMINAL 05-0041CCC |

# O R D E R

Having considered the Motion Resubmitting Motion in Limine Due to Technical Transmission Problems filed by defendants Richard Roark and Jorge Rivera (**docket entry 27**), which is NOTED, as well as its attachments which include the Motion in Limine to Exclude as a Matter of Law Any Allegation or Argument That Entry Into Residence Without a Search Warrant was Illegal and its exhibits, and the United States' response to the Motion in Limine (**docket entry 29**), where it informs that it does not intends to argue that the conduct of any Task Force agent was illegal, and having read the Indictment in its entirety, said motion in limine is DENIED since there is no allegation in the Indictment or claims by the government that the search itself was illegal.

The Court NOTES that the motion in limine attached to docked entry 27 is a duplicate of docket entry 26 which, nonetheless, had deficiencies in its electronic transmission and was re-filed as part of docket entry 27. Therefore, **docket entry 26** is MOOT.

Having considered the Motion to Exclude Speculative Evidence Concerning Possibility of Missing Funds Under Rule 403 of the Fed.R.Evidence filed by defendants Richard Roark and Jorge Rivera (**docket entry 28**) and the United States' response (**docket entry 32**), the same is DENIED.

CRIMINAL 05-0041CCC                    2

Having considered the Motion to Exclude 404(b) Evidence filed by defendant Richard Roark (**docket entry 31**) and the United States' response (**docket entry 33**), the Court RULES as follows:

- Roark's statements during his background investigation - the motion to exclude is GRANTED.  The government can establish that defendant Roark was instructed and made aware of the requirement to provide complete and accurate official reports through evidence that is not linked to any wrongdoing or misleading information provided by defendant to the agency as part of its background investigation.

- non-forfeiture of $32,141.00 claimed by the Confidential Informant - the motion to exclude is GRANTED as 404(b) evidence in the government's case-in-chief.  However, the Court will reexamine the need of evidence of this forfeiture, and the informant and defendant's role in that proceeding, as the evidence unfolds during trial, particularly upon considering the cross-examination of the informant or other relevant witnesses.

- non-forfeiture of $219,860.00 - the motion to exclude is GRANTED.  This evidence is irrelevant to prove what the government proffered: knowledge of the need to prove the legality of the forfeiture and of the risk of claims by third parties.  Reference to an unrelated forfeiture proceeding is unnecessary and would serve to confuse the jury as to the factual allegations of this case.  This can be established by more direct evidence of what must be proven by the agency and its officers in any forfeiture proceeding, including confronting claims of ownership that are filed within the proceeding.

Having considered the unopposed Motion to Detain Without Bail the Material Witness and Request for Order to Submit Writing Exemplars filed by defendants Richard Roark and Jorge Rivera (**docket entry 41**), the same is GRANTED.  While the government was granted until September 15, 2005 to respond to this motion and was admonished that failure to do so would result in its granting, it did not respond.  Therefore, Mr. Remigio Guerrero is ORDERED to provide writing exemplars to defendants on or before  NOVEMBER 15, 2005.

CRIMINAL 05-0041CCC 3

The Motion Requesting Ruling filed by defendant Richard Roark (**docket entry 45**) is NOTED.

Having considered the Motion Requesting Discovery Pursuant to Fed.R.Crim.P. 16(a)(1)(E) filed by defendant Richard Roark (**docket entry 46**) and the United States' response (**docket entry 50**), the same is GRANTED. The government will produce by NOVEMBER 10, 2005 the documents listed in the motion and any other documents in defendant's personnel file that clearly attest to his outstanding performance as a Special Agent from 1997-2004.

SO ORDERED.

At San Juan, Puerto Rico, on November 1, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge